UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 13-69-03 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES D TYSON (03) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255 by Petitioner James Tyson ("Tyson"). Record Documents 204 and 226. Tyson argues that the eighty-four month sentence imposed for his guilty plea to Count 19 of the indictment must be vacated in the aftermath of the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015). Because Johnson and its progeny are inapplicable to Tyson, the motion is **DENIED**.

At the issuance of this opinion, the Bureau of Prisons website reflects that Tyson was released from custody on November 24, 2020. Because Tyson is currently on supervised release, his release from custody does not render his § 2255 moot. See United States v. Bejarano, 751 F.3d 280, 285 n.4 (5th Cir. 2014) (explaining that if the defendant is released from prison, yet still subject to a term of supervised release, his § 2255 claims are not mooted by his release from custody).

## BACKGROUND

The Fifth Circuit aptly described the facts of this case:

Between June and November 2012, [Tyson and three co-defendants] participated in numerous armed robberies and attempted armed robberies of convenience stores, restaurants, and bars, mostly in the Shreveport area.

1

> The crimes were violent. In addition to the entities robbed, the victims were usually the employees of the establishments. They were held at gunpoint while they opened cash registers and safes. More than one was threatened with being killed. One young woman was told she was going to be shot "if you don't open the register" while the robber held a gun to her head and counted down from five. In one of the robberies, a father, mother, and their two children were ordered to "get on the ground" while a shotgun was pointed at them.

United States v. Smith, 609 F. App'x 180, 182 (5th Cir. 2015). A twenty-seven count indictment was filed against the defendants. Record Document 1. Prior to trial, Tyson pled guilty to Counts One and Nineteen. Count One charged conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951. This is the conspiracy to commit Hobbs Act robbery count. Count Nineteen charged use of a firearm during a crime of violence, "that is, interference with commerce by robbery as set forth in Count 18," in violation of 18 U.S.C. §§ 924(c)(a)(A)(ii) and 2. Count Eighteen, which was specifically referenced by Count Nineteen, charged Hobbs Act robbery, which stemmed from a robbery committed on November 6, 2012, at a Bossier City, Louisiana Applebee's restaurant.

Tyson pled guilty to Counts One and Nineteen on July 1, 2013. Record Document 106. On February 5, 2014, this Court sentenced him to twenty-seven months on Count One (the Hobbs Act conspiracy charge) and eighty-four months on Count Nineteen (the § 924(c) charge). Record Document 160. He received three years of supervised release for each count, to run concurrently. Id. Judgment was entered on February 10, 2014.

Tyson did not appeal his conviction or sentence. Instead, on May 25, 2016, he filed the instant motion. Record Document 204. The Federal Public Defender was appointed to represent Tyson. Record Document 206. The appointment order allowed for defense

2

counsel to withdraw if it concluded that Tyson did not qualify for Johnson relief. Id. The Federal Public Defender's Office moved to withdraw on December 11, 2018, and the Court granted that motion. Record Documents 225 and 227. On August 26, 2019, Tyson filed a supplemental brief to further expound on the basis for his claim. Record Document 226. In opposition to Tyson's § 2255, the Government argues that Tyson's motion is time-barred and that he is not entitled to relief under Johnson.

## Law and Analysis

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" United States v. Cooper, 548 F. App'x 114, 115 (5th Cir. 2013) (internal quotations and citations omitted) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)). Rather, after a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (internal marks omitted) (quoting United States v. Frady, 456 U.S. 152, 164 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and

would, if condoned, result in a complete miscarriage of justice." <u>United States v. Young</u>, 77 F. App'x 708, 709 (5th Cir. 2003) (citing <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992)).

Section 2255 motions are subject to a one-year statute of limitations period. 28 U.S.C. § 2255. The one-year period begins running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u> § 2255(f).

In the instant case, Tyson's judgment of conviction was final in February of 2014. Unless another provision of § 2255(f) applies, Tyson's one-year period to file his § 2255 motion expired in February of 2015, yet he did not file the instant motion until May of 2016. To circumvent the one-year bar, Tyson invokes the Supreme Court's decision in <u>Johnson</u>, and thus relies upon § 2255(f)(3)– the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. <u>Johnson</u>, which did newly recognize a right which is retroactively applicable to cases on collateral review, was decided by the Supreme Court on June 25, 2015. The Court will therefore find Tyson's

motion is timely, but only if he is entitled to relief under § 2255(f)(3). The Court concludes he is not.

In Johnson, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. The ACCA imposes harsher statutory penalties for a defendant who is convicted of 18 U.S.C. § 922(g) and has three prior convictions for violent felonies or serious drug crimes. The ACCA defined a violent felony as a crime punishable by imprisonment for one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . ." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized text has been dubbed the residual clause. In Johnson, the Supreme Court held that this residual clause was unconstitutionally vague. Johnson, 135 S. Ct. at 2556. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court announced that Johnson established a new substantive rule that applied retroactively to cases on collateral review.

A similar residual clause pertaining to the definition of "crime of violence" set forth in 18 U.S.C. § 16(b) was subsequently declared unconstitutional in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Next, in United States v. Davis, the nearly identically worded residual clause in 18 U.S.C. § 924(c) was challenged and held unconstitutional; the residual clause provided that crimes of violence were ones "that by [their] nature, involv[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." United States v. Davis, 139 S. Ct. 2319, 2323–

5

24 (2019). However, the elements clause of § 924(c), which defines a crime of violence as a felony that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, was not impacted by that decision. That provision remains good law.

If Tyson's conviction was implicated by one of these cases, that is, if the residual clause applied to his conviction and sentencing, then his § 2255 motion could have merit. However, the residual clause is inapplicable to Tyson. The crime of violence in Tyson's case was Hobbs Act robbery, as identified in Count 18 regarding the robbery of Applebee's. The Fifth Circuit has repeatedly held that Hobbs Act robbery is a crime of violence. United States v. Buck, 847 F.3d 267, 275 (5th Cir. 2017) ("It was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence."); United States v. Bowens, 907 F.3d 347, 353–54 (5th Cir. 2018) ("binding circuit precedent [, Buck] forecloses Bowens's claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A). We have reiterated Buck in at least five cases."). Hobbs Act robbery satisfies the elements clause of § 924(c) and thus qualifies as a crime of violence. Tyson's argument fails.

In addition, insofar as Tyson argues that Hobbs Act conspiracy does not constitute a crime of violence, he is correct. The Fifth Circuit's opinion in United States v. Davis confirmed this, and that portion of the opinion was not disturbed by the Supreme Court. In Davis, the court held that Hobbs Act conspiracy is not a crime of violence because it did "not necessarily require proof that a defendant used, attempted to use, or threatened to use force." Davis, 903 F.3d 483, 485 (5th Cir. 2018). Rather, "conspiracy to commit

an offense is merely an agreement to commit an offense." Id. However, contrary to Tyson's repeated assertions, his sentence for Count Nineteen was not premised on *conspiracy* to commit Hobbs Act robbery. Count Nineteen, by its plain language, was based on the crime of violence set forth in Count Eighteen, which was Hobbs Act robbery, not conspiracy. As discussed above, Hobbs Act robbery is a crime of violence.

Accordingly, there is no merit to Tyson's claim that his conviction is unconstitutional under Johnson or its progeny. Neither Johnson, Sessions, nor Davis apply here, and therefore Tyson cannot use § 2255(f)(3) to extend the statute of limitations. His motion is time-barred.

## Conclusion

Based on the foregoing, the Court finds that Tyson's § 2255 motion is untimely and without merit. Accordingly, Tyson's motion [Record Document 204] be and is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Tyson has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 20th day of March, 2023.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE